IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF KANSAS 

TIMOTHY SUMPTER, ) 
 ) 
 Petitioner, ) 
 ) 
v. ) Case No. 19-3267-JWL 
 ) 
STATE OF KANSAS, ) 
 ) 
 Respondent. ) 
 ) 
_______________________________________) 

 MEMORANDUM AND ORDER 

By Memorandum and Order of September 10, 2020, the Court granted in part 
petitioner Timothy Sumpter’s petition for relief pursuant to 28 U.S.C. § 2254. Specifically, 
the Court vacated petitioner’s state-court aggravated kidnapping conviction, but it 
otherwise denied the petition. On the same date, the Court issued its judgment to that 
effect. Respondent State of Kansas has filed a notice of appeal from the judgment, and 
petitioner has filed a notice of cross-appeal. This matter presently comes before the Court 
on the State’s motion for a stay of the judgment pending appeal (Doc. # 31). For the reasons 
set forth below, the Court grants the motion. 
Fed. R. Civ. P. 62 authorizes a district court to stay a judgment. See id. The parties 
agree that in determining whether to issue a stay pending appeal, the Court should consider 
the following factors identified by the Supreme Court: 
(1) whether the stay applicant has made a strong showing that he is likely to 
succeed on the merits; (2) whether the applicant will be irreparably injured 
absent a stay; (3) whether issuance of the stay will substantially injure the 
other parties interested in the proceeding; and (4) where the public interest 
lies. 
See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The Court considers each factor in 
turn. 
The first factor does not weigh strongly in favor of a stay, as the Court stands by its 
ruling on the merits in favor of petitioner. The Court does note, however, that because that 
ruling turned on the decision not to afford the state court’s ruling deference, the State at 
least has a non-frivolous basis for appeal. 

With respect to the second factor, the State has shown that it may suffer irreparable 
harm absent a stay. The State has initiated an appeal, and absent a stay, it would be required 
to litigate that appeal while also pursuing the resentencing and retrial of petitioner. As the 
State notes, if the Tenth Circuit reverses this Court’s ruling, any resentencing and retrial of 
petitioner that has already occurred would be nullified, and judicial and prosecutorial 

resources (and those of petitioner’s counsel, whether it be his present pro bono counsel or 
a public defender) would have been wasted. Any resentencing or retrial could also be 
affected if petitioner were to succeed on his cross-appeal. A retrial concluding prior to the 
conclusion of the appeal could render the State’s appeal moot. Judicial efficiency is best 
served in this case by allowing the appeal to be completed before proceedings are 

undertaken for petitioner’s resentencing and retrial. 
Applying the third factor, the Court concludes that the harm to the State absent a 
stay outweighs any harm to petitioner if a stay is granted. Petitioner argues that he could 
be deprived of liberty if the appeal is not concluded before he would have been released 
under a revised sentence and an unsuccessful retrial by the State of the aggravated 
kidnapping charge. Petitioner has not addressed the likely result of an immediate 
resentencing, however. The State, on the other hand, has explained that, even if petitioner 

were presently resentenced without the vacated offense, he would not likely be released 
until at least 2023. Thus, a stay allowing for the appeal to be completed first does not carry 
any real risk that petitioner will be kept incarcerated at a time when he might otherwise 
have been free. 
Petitioner also argues that he would suffer harm from the “legal limbo” of not 

knowing the ultimate result of a resentencing and a retrial. As the State points out, 
however, petitioner’s fate would at any rate remain uncertain until the appeal is resolved, 
and the Court agrees with the State that a stay would not cause petitioner any substantial 
harm. 
The Court concludes that the fourth factor weighs somewhat in favor of a stay, as 

the public has an interest in the efficient use of resources by its governmental bodies (in 
this case the court system and the prosecutorial arm of the State’s Executive Branch and 
possibly the state public defender’s office). 
Based on these considerations, the Court concludes in its discretion that a stay of its 
judgment is warranted pending resolution of all appeals in this federal habeas case. It 

therefore grants the motion for a stay.1 

1 Petitioner has not requested a bond or any other form of security, and the Court 
declines to require one in this case. 
IT IS THEREFORE ORDERED BY THE COURT THAT the motion by respondent 
State of Kansas for a stay of the judgment pending appeal (Doc. # 31) is hereby granted. 
The Court’s judgment is stayed until all appeals in this habeas case have been resolved or 

until further order lifting the stay. 

IT IS SO ORDERED. 

Dated this 21st day of October, 2020, in Kansas City, Kansas. 

 s/ John W. Lungstrum 
 John W. Lungstrum 
 United States District Judge